UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAFECOVER ROOFING, LLC, | CASE NO. 3:20-cv-06212-RJB |
| Plaintiff, | ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| PRO-COVER ROOFING, INC., and VINCENTE NOLASCO-IGNACIO, individually, | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Safecover Roofing, LLC's ("Plaintiff" or "Safecover") Motion for Default Judgment Against Defendants. Dkt. 13. The Court has considered the motion and the remaining file.

## I.      BACKGROUND

On December 16, 2020, Plaintiff filed the complaint in this matter alleging trademark and trade name infringement in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*. and RCW 19.86 and unfair competition pursuant to 15 U.S.C. § 1125 and RCW 19.77. Dkt. 1. On

December 19, 2020, Plaintiff filed proof of service against both defendants Pro-Cover Roofing, Inc. and Vincente Nolasco-Ignacio ("Defendants").  Dkts. 5 and 6.

There appear to be four designs at issue.  The first two are Plaintiff's trademarks:

    

The second two are designs used by Defendants:

    

On January 21, 2021, the Clerk of the Court entered default against Defendants pursuant to Fed. R. Civ. P. 55(a) and W.D. Wash. Local Civil Rule 55(a) for failure to plead or otherwise defend.

Plaintiff now moves for default judgment against Defendants and the following relief: a permanent injunction prohibiting use of Defendants' logo, name, and any other confusingly similar mark; an order requiring Defendants deliver for destruction all products containing the infringing mark and name; transfer of the Pro-Cover Roofing domain name; and reasonable attorney's fees and costs.  Dkts. 1 and 13.

## II.     DISCUSSION

### A.  TRADEMARK AND TRADE NAME INFRINGMENT

Pursuant to Fed. R. Civ. P. 55(b), a court may order default judgment following the entry of default.  The entry of default, however, does not automatically entitle the plaintiff to a court-

1  ordered default judgment.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir.

2  1977).  Instead, all allegations, other than those relating to damages, are presumed to be true, and

3  the court may order default judgment at its discretion.  *Id.*

4        Assuming Plaintiff's allegations are true, Plaintiff has made a showing of trademark and

5  trade name infringement.

6        "The test for trademark infringement under state, federal, and common law is whether

7  there will be a likelihood of confusion."  *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d

8  1073, 1080 (9th Cir. 2005).  This test is used for all four of Plaintiff's causes of action.  *See e.g.*,

9  *New W. Corp. v. NYM Co. of Cal. Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979); *BBC Grp. V. Island*

10  *Life Rest. Grp.*, 413 F. Supp. 3d 1032, 1049 (W.D. Wash. 2019) ("The Washington dilution

11  statute is identical to the federal dilution statue under 15 U.S.C. § 125(c)(2)(A).").

12        To determine whether there is a likelihood of confusion, courts in the Ninth Circuit

13  consider the following eight factors: "(1) strength of the mark; (2) proximity of the goods; (3)

14  similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type

15  of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in

16  selecting the mark; and (8) likelihood of expansion of the product lines."  *Id.*

17        Considering the eight elements together, Defendants' name and logo, which includes the

18  name "Pro-Cover Roofing" and uses similar design and color elements as Plaintiff's trademark,

19  has a likelihood of confusing the public.  The parties both provide roofing services, are based

20  near one another, and Plaintiff alleges that "approximately a half dozen instances of actual

21  confusion between our companies" occurred "[b]ecause the company name, word and design

22  trademarks are so similar, people recall 'COVER' or the unique geometric design and color, and

23

24

are confused into believing PRO-COVER ROOFING is the same as SAFECOVER ROOFING."
Dkt. 14 at 3.

Therefore, Plaintiff's motion for default judgment should be granted as to trademark and trade name infringement.  Defendants should be enjoined from using both logos at issue, the name "Pro-Cover Roofing," and any other confusingly similar marks.  Neither requiring Defendants to turn over all products with the infringing design, nor transfer of the Pro-Cover domain name appears necessary.

**B. ATTORNEY'S FEES AND COSTS**

The only monetary relief Plaintiff seeks in the motion for default judgment is for attorney's fees and costs.

The prevailing party in a trademark dispute may recover reasonable attorney's fees in "exceptional cases."  15 U.S.C. § 1117(a).  A trademark case is generally considered exceptional "when the infringement is malicious, fraudulent, deliberate or willful."  *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993).  Infringement is willful when "the defendant was actually aware of the infringing activity," or showed "reckless disregard for, or willful blindness to, the copyright holder's rights."  *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2001).

This case is not "exceptional."  It is not clear that Defendants were actually aware of or recklessly disregarded Plaintiff's rights.  Nor is there evidence of more nefarious intent. Therefore, Plaintiff's request for attorney's fees and costs should be denied.

/

/

/

ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 4

### III.   ORDER

Therefore, it is hereby ORDERED:

- Plaintiff's Motion for Default Judgment Against Defendants (Dkt. 13) IS
  GRANTED, IN PART, AND DENIED, IN PART;
  - Plaintiff's motion is granted as to trademark and trade name infringement;
  - DEFENDANTS ARE ENJOINED from using the trade name "Pro-Cover Roofing," the logo designs at issue, or any other confusingly similar marks; and
  - Plaintiff's motion is denied as to attorney's fees and costs.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of April, 2021.

ROBERT J. BRYAN
United States District Judge