UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAFECOVER ROOFING LLC,

Plaintiff,

v.

PRO-COVER ROOFING INC. et al.,

Defendants.

CASE NO. 3:20-cv-06212-DGE

ORDER ON MOTION FOR
ATTORNEY FEES AND COSTS
(DKT. NO. 25)

Before the Court is Plaintiff's motion for attorney fees and costs.  (Dkt. No. 25.)  For the reasons set forth below, Plaintiff's motion is GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, the Court assumes familiarity with the factual and procedural background summarized in prior orders.  On February 2, 2026, the Court granted in part Plaintiff's Motion for Contempt, Sanctions, and Modification of Permanent Injunction.  (Dkt. No. 22.)  The Court found this was an exceptional case that merited an award of attorney fees and costs pursuant to the Lanham Act.  (*Id.*)  The Court directed Plaintiff to file a motion for

ORDER ON MOTION FOR ATTORNEY FEES AND COSTS (DKT. NO. 25) - 1

attorney fees and costs within 14 days.  (*Id.*)  On February 16, 2026, Plaintiff filed the instant motion for attorney fees and costs.  (Dkt. No. 25.)  Plaintiff seeks $12,782.00 in attorney fees and $210.74 in costs.  (*Id.*)

## II.      LEGAL STANDARD

In analyzing the propriety of attorney fees to be awarded to a party, district courts in the Ninth Circuit undertake a two-step "lodestar" analysis.  *Welch v. Metropolitan Life Ins.*, 480 F.3d 942, 945 (9th Cir. 2007); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

First, courts "establish[] a lodestar by multiplying the number of hours reasonably expended . . . by a reasonable hourly rate."  *Welch*, 480 F.3d at 945.  "The party seeking fees bears the burden of documenting the hours expended . . . and must submit evidence supporting those hours and the rates claimed."  *Id.* at 945–946.  In turn, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party."  *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994).

The district court may exclude from the lodestar "any hours that are 'excessive, redundant, or otherwise unnecessary.'"  *Welch*, 480 F.3d at 946 (internal citation omitted).  Such hours may be excluded either by "conduct[ing] an hour-by-hour analysis of the fee request," or making "percentage cuts" to the "number of hours claimed."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (internal quotations and citations omitted).  Percentage cuts are appropriate when a district court is "faced with a massive fee application," and must be supported by a "'concise but clear' explanation" of the district court's reasoning.  *Gates v. Deukmejian*, 987 F.2d 1392, 1399–1400 (9th Cir. 1992).

Second, and only "in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Welch*, 480 F.3d at 946.

### III.     DISCUSSION

**A. Attorney Fees**

    1.  Reasonableness of Plaintiff's Counsel's Rates

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11 (1984).

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The court may also rely on its own knowledge and experience in determining what rates are reasonable. *See Salyer v. Hotels.com GP, LLC*, Case No. C13-1966-RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In support of the motion for attorney fees, Plaintiff submitted a declaration from David Allen Lowe, Plaintiff's sole counsel in this case. (Dkt. No. 26.) Lowe has been licensed to practice law in Washington for more than 30 years and is a founding member and senior partner

at Lowe Graham Jones, a Seattle-based intellectual property law firm. (*Id.* at 1–2.) Lowe's hourly rate for 2025 was $685 per hour; his rate increased to $750 per hour in 2026. (*Id.* at 4.) Plaintiff submitted declarations filed by attorneys in support of motions for attorney fees filed in two other intellectual property cases. (Dkt. No. 26-1.) The first declaration was submitted by attorney Bryce A. Loken in 2023 in support of an hourly rate of $720 for a Seattle-based partner handling a trademark infringement case. (*Id.*) The second declaration was submitted in 2026 by attorney Steven W. Fogg, a senior partner with the Seattle law firm Corr Cronin LLP. (*Id.*) Fogg stated his rate in 2022 was $700 per hour, and that his current rate is $1,000 per hour. (*Id.*)

The Court finds Plaintiff has produced sufficient evidence that Lowe's rates are in line with those charged by intellectual property attorneys of comparable skill, experience and reputation in the Seattle area.

### 2. Reasonableness of Hours Expended

In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *McCown*, 565 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 434). A district court may exclude such hours from an attorney fees motion using one of two methods. As previously identified, the court may either: (1) conduct an "hour-by hour analysis of the fee request" and exclude unreasonable hours; or (2) "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Gonzalez*, 729 F.3d at 1203 (internal citations omitted).

The determination of fees "should not result in a second major litigation" and trial courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S.

ORDER ON MOTION FOR ATTORNEY FEES AND COSTS (DKT. NO. 25) - 4

826, 838 (2011).  The essential goal in shifting fees "is to do rough justice, not to achieve auditing perfection."  *Id.*  Trial courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Id.*  There is no precise rule or formula for making these determinations.  *Id.* at 436–437.  However, in determining an appropriate attorney's fee, the "result is what matters" and the most critical factor is "the degree of success obtained."  *Id.* at 435–436.

Defendants have not put forth any evidence challenging the reasonableness of the hourly rates or the number of hours worked in this case.  The Court has reviewed the hours worked by Lowe (*see* Dkt. No. 26 at 1–2) in preparing the motion for contempt and the instant motion for attorney fees and finds the hours worked on this case appear to be reasonable.

**B.  Costs**

Plaintiff seeks $210.74 in mailing and service costs associated with investigating Defendants' conduct.  (Dkt. No. 25 at 3–4.)  These costs were incurred in notifying Defendants of their ongoing infringement via certified mail and effecting service of the Court's order on the motion for contempt.  (*Id.*)  "Reasonable out-of-pocket expenses normally charged to a client may be recoverable as attorney fees even if not taxable pursuant to 28 U.S.C. § 1920, so long as those expenses are customarily charged to the client."  *Partners for Health and Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 440–441 (C.D. Cal. Sept. 28, 2012).  In a Lanham Act case, "[s]ervice of the summons and complaint, photocopying and document processing costs, postage, messenger and delivery costs, travel costs, investigators, deposition-related expenses, and telephone charges are recoverable costs."  *Id.* at 441.

Accordingly, the Court finds Plaintiff may recover costs associated with postage and service of the Court's order.

## IV.    ORDER

Plaintiff's motion for attorney fees and costs (Dkt. No. 25) is GRANTED.  Plaintiff is awarded attorney fees in the amount of $12,782.00 and costs in the amount of $210.74.

Dated this 11th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR ATTORNEY FEES AND COSTS (DKT. NO. 25) - 6